60    APPELLATE COURTS OF ILLINOIS.

Aurora Automatic Mach. Co. v. C., B. & Q. R. Co., 217 Ill. App. 60.

## Aurora Automatic Machinery Company, Appellee, v. Chicago, Burlington & Quincy Railroad Company, Appellant.

### Gen. No. 25,642.

1. CARRIERS, § 146*—*when liability that of warehouseman.* Where a carrier notified a consignee of the arrival of goods and such goods were placed in a warehouse with the knowledge and acquiescence of the consignee, where they were destroyed by fire, the facts showed a delivery in law, and the carrier under the law and in accordance with the bill of lading was responsible as a warehouseman only.

2. CARRIERS, § 74*—*when deviation in route justified by floods.* Where goods were not carried as routed, but the carrier had the right to deviate from the route in case of floods, and the existence of such floods was proved, the deviation was proper, and, in any event, necessity of such a controlling nature would as a matter of law have justified the deviation.

3. CARRIERS, § 154*—*when not liable for destruction of goods in warehouse.* In an action against an initial carrier for the loss of goods, where the court found that the goods arrived at their destination, that the consignee was notified of the arrival, and that the goods were destroyed a month later by fire in a warehouse, there being no evidence of the cause of the fire, such finding would have justified a verdict for the defendant.

4. CARRIERS, § 81*—*when liability discharged by notice to consignee of arrival of goods.* Where a consignee of goods was the agent of the consignor, and the carrier notified such agent of arrival of the goods at their destination, it discharged its liability as carrier, and if the consignor or its agent desired to give any other directions it was their duty to do so.

5. CARRIERS, § 157*—*what must be proved to hold carrier as warehouseman for loss of goods.* In an action against an initial carrier for the loss of goods destroyed by fire at their destination after being placed in a warehouse, where the shipment was interstate, the plaintiff was required to prove as a *sine qua non* to its right of way of recovery that the fire which destroyed the goods resulted in some way from negligence of the defendant.

Appeal from the Municipal Court of Chicago; the Hon. IRWIN R. HAZEN, Judge, presiding. Heard in this court at the October

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

term, 1919.  Reversed and judgment of *nil capiat* here.  Opinion filed March 8, 1920.

J. A. CONNELL and S. F. BLANC, for appellant.

GURDON WILLIAMS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff had judgment for $580 on a finding by the trial judge, and defendant appeals.

The suit is against defendant as the initial carrier of two motorcycles for which defendant gave two bills of lading of standard form as approved by the Interstate Commerce Commission.  The carriage was from Aurora, Illinois, to Savannah, Georgia.  The routing was specified in the bills of lading, which was, however, on account of floods, deviated from.  The motorcycles were consigned to the order of plaintiff with a notation on the bill of lading to "Notify Williams Motor Company, 238 Drayton street."  It was proven that the Williams Motor Company was a customer of plaintiff with exclusive sales privileges at Savannah.

The motorcycles arrived at Savannah April 23, 1913, and were destroyed by fire on May 23, 1913, while in a warehouse of the Seaboard Air Line Company in Savannah.  On the arrival of the motorcycles at Savannah the Williams Motor Company was notified in writing as well as by telephone, and the motorcycles were put in storage with the knowledge and acquiescence of the Williams Motor Company.

The judgment was for the value of the two motorcycles.

The bill of lading contained among others the following provisions:

"For loss, damage or delay caused by fire occurring after 48 hours after notice of the arrival of the property at destination * * * has been duly sent or

62    APPELLATE COURTS OF ILLINOIS.

Aurora Automatic Mach. Co. v. C., B. & Q. R. Co., 217 Ill. App. 60.

given, the carrier's liability shall be that of warehouse-
man only.''   Also:

''Every carrier shall have the right in case of physi-
cal necessity to forward said property by any railroad
or route between the point of shipment and the point
of destination.''

The carrier notified the Williams Motor Company
of the arrival of the motorcycles on the day they
reached Savannah, the point of destination.   The Wil-
liams Company, instead of removing the motorcycles
from the cars, acquiesced in their being put in a ware-
house and, with knowledge that they were warehoused,
allowed them there to remain until their destruction
by fire, which occurred one month after their arrival
at Savannah, and after the Williams Motor Company
had actual notice of such arrival, subsequently agree-
ing to their being warehoused.

These facts constitute in law a delivery and there-
fore the responsibility of defendant under the law and
also under the bill of lading was that of a warehouse-
man.

While it is true that the motorcycles were not car-
ried as routed, defendant had, under the terms of
the bill of lading, a right to deviate from such routing
in case of physical necessity; it is proven that floods
intervened and created the physical necessity of chang-
ing from the route specified.   In any event, necessity
of such a controlling nature would as matter of law
have justified such deviation.   Moreover, plaintiff suf-
fered no damage on this account either by delay or
accident springing from such change of route.

The trial judge made the following special finding,
which the proofs fully support:

''The court finds from the evidence that the motor-
cycles in controversy arrived at the delivery ware-
house of the Seaboard Air Line, Savannah, Georgia,
on April 23, 1913; that on April 23, 1913, notice of
their arrival was given to Williams Motor Company;

that said motorcycles were destroyed by fire in the said delivery warehouse May 23, 1913; that there is no evidence as to the cause of the fire which destroyed said motorcycles."

From these proven and conceded facts the finding of the court should have been for the defendant.

By the notation and direction on the bill of lading, the Williams Motor Company was the agent of plaintiff so far as these two motorcycles are concerned. The record does not disclose that plaintiff had any other agent or person in Savannah representing it, either for these motorcycles or for any other purpose. The Williams Motor Company was the only channel through which defendant or its connecting carriers had any information regarding delivery. What the Williams Motor Company's obligations to plaintiff were was no concern of defendant, who discharged its liability as a carrier of the motorcycles when the notice was given. If any further or other directions were desired by plaintiff, it remained for it to make such desire known. It is true, if the motorcycles had not been in the warehouse they would not have been destroyed by fire; but they were there with the consent of the only representative of plaintiff of which defendant had any knowledge.

The shipment being an interstate one, it was incumbent upon the plaintiff to prove as a *sine qua non* to its right of recovery that the fire which destroyed the motorcycles in some way resulted from some negligent act of defendant. There was no such proof. *Cincinnati, N. O. & T. P. Ry. Co. v. Rankin,* 241 U. S. 319.

As said in *Southern Ry. Co. v. Prescott,* 240 U. S. 632:

"If, however, it appears that the loss is due to fire, that fact in itself, in the absence of circumstances permitting the inference of lack of reasonable precautions, does not suffice to show neglect, and the plaintiff, having the affirmative of the issue, must go forward with the evidence."

Plaintiff having failed to prove actionable negligence against defendant as a warehouseman, the judgment of the municipal court is reversed with a judgment of *nil capiat* and for costs in this court.

*Reversed and judgment of nil capiat here.*

MR. PRESIDING JUSTICE McSURELY and MR. JUSTICE DEVER concur.